UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hobart P. Drake Jr., #308080 ) | C/A No. 6:09-1449-JFA-WMC |
|                               Plaintiff, ) | |
| vs. ) | **Report and Recommendation** |
| Sergeant Brown; ) Officer Harry Perez; ) Et. Al, official and individual capacity, ) | |
|                               Defendants. ) | |

The plaintiff, Hobart P. Drake, Jr., (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC employees as defendants.[2] Plaintiff seeks monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v.*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**Background**

Plaintiff states that, on January 21, 2008, while incarcerated at Lieber Correctional Institution, "a disturbance arose involving the Plaintiff and defendant Harry Perez."[3] Plaintiff was removed from his cell and taken to the Special Management Unit (SMU) as a result of the altercation. Plaintiff states he was not present when "officials" packed the personal property in Plaintiff's cell. (Plaintiff's complaint, page 2). In February of 2008, Plaintiff received information from an unidentified officer that Plaintiff's "property bag" in the SMU area was "practically empty."[4] Plaintiff began requesting permission to view his property bag, but was not allowed to do so until March 8, 2008. At that time, Plaintiff learned that "[he] was so deprived of property, [that] he was not even left with a bar of soap or a washcloth to wash with." Plaintiff indicates he filed a grievance regarding his missing property at that time, but no response or reimbursement for the property has been received from SCDC to date. (Plaintiff's complaint, page 3).

Plaintiff claims the Defendants were "responsible for the packing of [P]laintiff's property where Perez was the officer over Edisto B wing and Brown the sergeant who was security over entire Edisto Building." (Plaintiff's complaint, page 6). Plaintiff alleges that these officers failed to follow proper procedures in handling his property and retaliated against the Plaintiff by wrongfully destroying his property. (Plaintiff's complaint, page 4).

---

[3] Plaintiff has a pending excessive force claim, C/A No. 6:09-908-JFA-WMC, in which Officer Harry Perez is named as a Defendant. This claim appears to stem from the January 21, 2008, altercation mentioned in the instant action.

[4] Plaintiff states a one hundred-eighty dollar ($180.00) Christmas package from his family was missing from the property bag. Other missing items included shoes and a walkman radio.

3

**Discussion**

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The Defendants named in Plaintiff's complaint allegedly destroyed Plaintiff's personal property.[5] The complaint further alleges that the Defendants were remiss in their job performance while packing Plaintiff's property, failing to follow SCDC procedures or provide Plaintiff with an inventory of his belongings. However, the Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff's claims sound in negligence, they cannot be brought under § 1983.

Moreover, an *intentional* deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Bogart v. Chapell*, 396 F.3d 548, 560 (4th Cir. 2005). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)).

Plaintiff appears to claim that the Defendants intentionally deprived him of property by destroying or throwing away Plaintiff's belongings. Although Plaintiff indicates that Defendant

---

[5] Plaintiff also indicates that some legal materials were destroyed. However, Plaintiff's complaint does not allege that the Defendants' destruction of his property interfered with Plaintiff's access to the courts (or his attorney) in any way. Therefore, no "access to court" claim is stated by the pleadings.

4

Brown had a higher rank than Defendant Perez, Plaintiff makes no allegations that the Defendants' actions were authorized or approved by either prison policy or any higher ranking supervisory officials. In fact, Plaintiff's complaint indicates that at least one unidentified officer appeared concerned about the status of Plaintiff's property, notifying Plaintiff that his property bag appeared empty. As Plaintiff states that the Defendants wrongfully destroyed his property, but provides no indication that such actions were authorized, his claim regarding the Defendants' intentional deprivation of Plaintiff's property must fail.

Plaintiff also alleges that the Defendants' had a retaliatory motive for destroying Plaintiff's belongings: The altercation with Defendant Perez on January 21st. The law clearly states that "[r]etaliation by a public official for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper." *American Civil Liberties Union, Inc. v. Wicomico County*, 999 F. 2d 780, 785 (4th Cir. 1993). However, the Fourth Circuit Court of Appeals has also mandated that claims of retaliation should be regarded with skepticism. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). The Fourth Circuit further states:

> [W]e believe that *in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive § 1915(d). To hold otherwise would be to bring virtually every unpopular decision by state actors within the scope of a cause of action for retaliation.

*Adams*, 40 F.3d at 74.

Thus, to state a claim of retaliation under § 1983, a plaintiff must "allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams*, 40 F.3d. 72 at 75. An inmate must also present more than conclusory accusations of retaliation, *Id.* at 74, and must provide facts that show

5

the exercise of his constitutional right was a substantial factor motivating the retaliation. *See, e.g., Cochran* 73 F.3d at 1318; *Hughes v. Bledsoe*, 48 F.3d. 1376, 1387 n. 11 (4th Cir. 1995). Finally, a plaintiff must show that he suffered some adverse impact on the continued exercise of his constitutional rights as a result of the retaliatory conduct. *American Civil Liberties Union*, 999 F.2d at 785.

In the instant action, Plaintiff fails to show that he has suffered from retaliatory conduct due to the exercise of a constitutional right. In addition, Plaintiff fails to provide sufficient facts to show that the alleged retaliatory conduct has had an adverse impact on his continued exercise of any constitutionally protected right. Thus, to the extent Plaintiff is alleging retaliation, such a claim is subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

June 8, 2009                                              s/William M. Catoe
Greenville, South Carolina                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).