IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hobart P. Drake, Jr., #308080, ) | |
| ) | C/A No. 6:09-1449-JFA-WMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| Sergeant Brown; Officer Harry Perez; et al., ) | |
| official and individual capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The *pro se* plaintiff, Hobart P. Drake, Jr., is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He initiated this action pursuant to 42 U.S.C. § 1983. Plaintiff contends that following an altercation with a prison guard, he was removed from his cell and taken to the Special Management Unit (SMU). Drake further alleges that after being transferred to SMU, he learned that items of personal property in his "property bag" had been improperly removed from the bag so that when he eventually gained possession of the bag, it was "practically empty." Among the items claimed to be missing is a $100 Christmas package from the plaintiff's family, shoes, a Walkman radio, a bar of soap, and a wash cloth.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should summarily dismiss the complaint

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

for failure to state a claim. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The Magistrate's Report can be summarized as follows:

(1) To the extent plaintiff alleges that prison officials were negligent in allowing items of personal property to be removed from the plaintiff's property bag, the complaint must be dismissed because the Due Process Clause is not implicated by a negligent act of a state official causing unintended loss or injury to life, liberty or property;

(2) To the extent the complaint alleges an intentional deprivation of property by a state employee, the Due Process Clause is once again not implicated because in South Carolina, there exists a meaningful post-deprivation remedy for the loss at issue here;

(3) The plaintiff makes no allegations that the defendants' actions were authorized or approved by either prison policy or any higher ranking supervisory official and that for this reason as well, this claim regarding the defendants' intentional deprivation of his property must fail; and

(4) To the extent the plaintiff's claim alleges retaliation (i.e., that prison officials retaliated against the plaintiff because he was involved in an altercation or disturbance with another prison guard), the claim should be dismissed because it cannot survive the substantial barrier to retaliation claims in such circumstances established by the Fourth Circuit Court of Appeals.

The plaintiff was advised of his right to file objections to the Report and

2

Recommendation and he has done so in an three-page objection memorandum. After a careful review of the plaintiff's objections, the court is constrained to agree with the Magistrate Judge that the action should be dismissed for failure to state a claim.

The plaintiff's objection memorandum suggests that the Magistrate Judge focuses too much attention upon his retaliation claim and not enough attention on plaintiff's claim that the defendants intentionally deprived him of his property. Regarding the Magistrate Judge's observation that South Carolina provides a meaningful post-deprivation remedy for such loss, the plaintiff posits that he filed a grievance about the incident and "no reimbursement was given." Plaintiff thus argues that "when the State refused to give plaintiff the reimbursement for the officers' behavior, he was denied due process."

It is readily apparent that the plaintiff has confused the right to file a prison grievance with the right to file a state civil action for theft of property. As the Magistrate Judge correctly observes, in South Carolina, prisoners may bring a civil action in state court for recovery of personal property against prison officials who deprived them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986). Because South Carolina provides an adequate post-deprivation remedy, the plaintiff's intentional deprivation claim must be dismissed.

Plaintiff does not object to that portion of the Report that suggests that no action will lie under § 1983 for negligent deprivation of property.

Finally, with regard to the retaliation component of the plaintiff's claim, the objection memorandum does little more than restate plaintiff's basic claim that he was retaliated against in response to his altercation with a prison guard. As the Fourth Circuit Court of

3

Appeals noted in *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994):

> [W]e believe that *in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive § 1915(d). To hold otherwise would be to bring virtually every unpopular decision by state actors within the scope of a cause of action for retaliation.

Because the Magistrate Judge correctly notes that the plaintiff has offered no more than conclusory allegations of retaliation, this claim must be dismissed as well.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice for failure to state a claim.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
June 22, 2009                                                    United States District Judge
Columbia, South Carolina

4